**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH HEIM, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-11-0270 |
| v. : | |
| : | (Judge Caputo) |
| SHIRLEY MOORE, SECRETARY of : | |
| PA DEPT. of CORRECTIONS, *et al.*, : | |
| : | |
| Defendants : | |

**M E M O R A N D U M**

**I.    Introduction**

On February 8, 2011, the pro se plaintiff, Joseph Heim, an inmate presently housed at the Retreat State Correctional Institution (SCI-Retreat), in Hunlock Creek, Pennsylvania, filed this civil rights complaint.  Mr. Heim alleges that defendants have violated his First Amendment rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA) since his arrival to the Pennsylvania Department of Corrections (DOC) by denying him a kosher diet.  On February 10, 2011, the Court screened the Complaint pursuant to 28 U.S.C. § 1915 and afforded him the opportunity to file an amended complaint to allege the personal involvement of the named defendants.  Doc. 7.  In our screening Order, the Court advised Mr. Heim that he was to use this Court's civil-rights form when preparing his amended complaint, and that the amended complaint must be complete in all respects.  *Id*.

On March 1, 2011, Mr. Heim filed a Motion for Attachment of the Amendment to Above Complaint (doc. 8), a supporting brief (doc. 9) and exhibits attached to each which he seeks to be merged when considering his Amended Complaint. For the reasons that follow, Plaintiff will be give a second opportunity to file a single, all inclusive complaint alleging the specific involvement of each individual he seeks to name as defendant in this action.

## II.     Standard of Review

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id*. at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, ___U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009). "[M]ore than labels

and conclusions" are required.  *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65.

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.   Background

The following statement of facts is discernable from Plaintiff's recent filings. Joseph Heim alleges that while at two different state correctional facilities, SCI-Camp Hill and SCI-Retreat, he has been denied a religiously compliant diet.  He names the following as defendants: the Pennsylvania Department of Corrections (DOC); former Secretary Moore; Secretary Wetzel; the Religious Accommodation Committee (RAC); Rev. Mills; SCI-Camp Hill's Superintendent, John Kelly; Rev. Myers; SCI-Retreat's Superintendent, James McGrady; and Rev. Ritchey.  Doc. 8-2, Amendment.  He also names "every other policy holder/writer causing these constitutional violations, of which the record can/will reflect at a later date, when deemed suitable and appropriate."  In his statement of facts, Mr. Heim alleges that

the "Defendants PA Dept. Of Corr., et al. have collectively" placed a substantial burden on his exercise of religion and have exposed him to cruel and usual punishment by violating his Equal Protection rights. *Id*. at p. 3.[1]   He goes on to suggest that he will allege each defendant's personal involvement in his brief in support of his motion to amend. *Id*. at p. 4.  There are no specific allegations of personal involvement of any of the named defendants in Mr. Heim's Amendment, Doc. 8-2.

**IV.     Discussion**

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003).  Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003).  A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).  A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the

---

[1] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

alleged civil rights violations. *Evancho*, 423 F.3d at 353. There is no *respondeat superior* liability in § 1983 actions. *Id.*

Based upon the above legal standards, it is unclear at best to determine who Mr. Heim is naming as a defendant in his action, or what personal involvement they had in the alleged deprivation of his kosher meals which resulted in physical harm to him. *See* Doc. 8-2, Amendment. Giving Mr. Heim the benefit of the doubt that he did not receive copies of this Court's Civil Rights Complaint forms may explain why he did not comply with this Courts order that he file one all inclusive amended complaint.[2] Accordingly, Mr. Heim will be given another opportunity to file one all inclusive amended complaint. He may attach exhibits to the amended complaint if he wishes, but he must submit one filing which contains a clear and concise statement of his claims against each named defendant. Without such basic facts the defendants cannot ascertain the claim against them or formulate a response.

## IV.   Conclusion

Mr. Heim will be granted twenty-one days to file an amended complaint. His amended complaint should be short and plain, see Fed. R. Civ. P. 8(a), and must aver what each individual named defendant did that led to a deprivation of his constitutional or other federal rights. *Iqbal, supra*, 129 S.Ct. at 1948-49. Plaintiff is also advised that the "amended complaint must be complete in all respects. It must

---

[2] Joseph Heim contends he never received two blank copies of this Court's Civil Rights Complaint forms and thus was unable to comply with this component of our Order. *See* Doc. 8.

-5-

be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Heim's failure to file an appropriate amended complaint will result in the dismissal of this action.

   An appropriate order follows.


          **/s/ A. Richard Caputo**
          **A. RICHARD CAPUTO**
          **United States District Judge**

**Date: April  28th , 2011**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH HEIM, :
:
   Plaintiff :
: CIVIL NO. 3:CV-11-0270
v. :
: (Judge Caputo)
SHIRLEY MOORE, SECRETARY of :
PA DEPT. of CORRECTIONS, *et al.*, :
:
   Defendants :

**O R D E R**

**AND NOW**, this 28th day of **APRIL, 2011**, upon review of the Amended Complaint (doc. 8-2) under 28 U.S.C. § 1915(e)(2)(B), it is ordered that:

   1. Plaintiff is afforded twenty-one (21) days from the date of this Order to file an amended complaint.

   2. The Clerk of Court is directed to send Plaintiff two (2) copies of this court's civil-rights complaint form which Plaintiff shall use in preparing any amended complaint.

   3. Failure to file an amended complaint will result in the dismissal of this action pursuant to 28 U.S.C. § 1915 (e)(2)(B).

   4. Plaintiff's Motion for Attached Amendment to Above Complaint (doc. 8) is denied.

                                                    **/s/ A. Richard Caputo**
                                                    **A. RICHARD CAPUTO**
                                                    **United States District Judge**