**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH HEIM,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-0270** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **SHIRLEY MOORE, SECRETARY of** | : | |
| **PA DEPT. of CORRECTIONS, *et al.,*** | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.     Introduction**

Plaintiff, Joseph Heim, a state prisoner, filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* (RLUIPA), after prison officials took five and a half months to accommodate his request for a diet conforming to his religious beliefs.[1]  Doc. 12, Am. Compl.  Named as defendants are the following Department of Corrections (DOC) employees: John Kelly, Superintendent of SCI-Camp Hill; James McGrady, Superintendent of SCI-Retreat; Rev. Anne Myers; Rev. Larry Mills; Rev. John Ritchey; and Dorina Varner, DOC's Chief Grievance Officer.  Also named as a Defendant is the DOC's Religious Accommodation Committee (RAC).  The Defendants are sued in their individual and official capacities.  Mr. Heim seeks only monetary relief.

---

[1]  Mr. Heim was housed at SCI-Retreat in Hunlock Creek, Pennsylvania when he filed this action.  He is presently housed at SCI-Chester, in Chester, Pennsylvania.

Presently before the Court is the Defendants' Motion to Dismiss the Amended Complaint based on sovereign immunity; lack of personal involvement; and Plaintiff's failure to state a First, Eighth or Fourteenth Amendment claim.  Doc. 20.  Mr. Heim has filed a brief in opposition to Defendants' motion.  Defendants elected not to file a reply brief in support of their motion.  For the following reasons the Defendants' Motion to Dismiss will be granted in part, and denied, in part.

## II.     Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  The pleading standard of Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formalic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___ 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).  More than the "unadorned, the-defendant-unlawfully-harmed-me accusation"

is required.  *Id.*  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*, 556 U.S. at ___, 129 S.Ct. at 1950.

Thus, when examining the sufficiency of a complaint, a court must conduct a three-part analysis to determine whether a claim survives a motion to dismiss. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, ___ 129 S.Ct. 1937, 1947-50, 173 L.Ed.2d 868 (2009)).  The "inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Id*.  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim.  *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).  However, under no circumstance is a court required to accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an

-3-

amendment would be inequitable or futile. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.    Allegations of the Amended Complaint

Mr. Heim's Amended Complaint is not the model of clarity, but what is clear is that he feels a substantial burden was placed on his free exercise of religion in violation of the First Amendment and RLUIPA, that his Equal Protection rights have been violated in contravention of the Fourteenth Amendment, and that he has suffered from malnourishment in violation of the Eighth Amendment, all because he experienced an excessive delay in his receipt of a Kosher diet consistent with his religious principles. He claims he requested, but was denied, a Kosher diet from October 19, 2010, through March 31, 2011. Doc. 12, Am. Compl. at p. 7.[2] He believes the Defendants should have temporarily granted him a Kosher while his request for a religiously compliant diet was under consideration by the Religious Accommodation Committee (RAC).

Mr. Heim grieved the denial of a Kosher diet to SCI-Camp Hill's Superintendent, John Kelly. Superintendent Kelly denied the grievance. His appeal

---

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

-4-

to the Chief Grievance Officer, Dorina Varner, was also denied.  *Id*. at p. 6.  He

avers that his receipt of a Kosher diet was further delayed because Rev. Myers lost

his paperwork requesting a religious accomodation for almost three months.  *Id*. at

p. 11.  At some point in time Mr. Heim was transferred to SCI-Retreat.  Mr. Heim

started receiving Kosher meals on March 31, 2011.  *Id*. at p. 7.


**IV.    Discussion**

   **A.    Mr. Heim May Not Maintain Claims for Monetary Damages
   Against Defendants in their Official Capacities.**

The Eleventh Amendment bars suits against a state and its agencies in

federal court that seek monetary damages.  *See Pennhurst v. Halderman,* 465 U.S.

89, 99-100, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)*; A.W. v. Jersey City Public

Schools*, 341 F.3d 234, 238 (3d Cir. 2003).  Suits against state officials acting in

their official capacities are really suits against the employing government agency,

and as such, are also barred by the Eleventh Amendment.  *See Hafer v. Melo*, 502

U.S. 21, 25-27, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Will v. Mich. Dep't

of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989).

The Commonwealth of Pennsylvania has expressly withheld consent and has not

waived its Eleventh Amendment immunity.  *See* 42 Pa. Cons. Stat. Ann. § 8521-22.

However, claims for prospective injunctive relief to end an ongoing violation of

federal law against state officials in their official capacities are not precluded by the

Eleventh Amendment.  *See Iles v. de Jongh*, 638 F.3d 169, 177 (3d Cir. 2011).

Additionally, state officials sued in their individual capacities are "persons" within the

meaning of Section 1983.  *See Hafer*, 502 U.S. at 31, 112 S.Ct. at 364-65.  As such, the Eleventh Amendment does not bar suits for monetary damages brought under Section 1983 against state officials in their individual capacities.  *Id*.

Notably, Mr. Heim does not seek injunctive relief in this matter.  He specifically requests monetary damages against the Defendants in their official and individual capacities.  As discussed above, Mr. Heim's claims against the Defendants in their official capacities are barred by the doctrine of sovereign immunity provisions of the Eleventh Amendment.  As such, only his claims against the Defendants in their individual capacity survive at this time.

**B.    Mr. Heim Is Not Entitled to Monetary Relief under RLUIPA.**

RLUIPA unambiguously creates a private right of action for declaratory and injunctive relief, but no court has held that it allows the grant of monetary damages. On the contrary, all courts have rejected such a remedy, not only against individual-capacity defendants but also against official-capacity defendants.  *See Sossamon v. Texas*, ___ U.S. ___, ___, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011)(states that accept federal funds do not waive their sovereign immunity for the purpose of monetary damage claims under RLUIPA); *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012)("RLUIPA does not permit actions against government employees in their individual capacities.")

While the Commonwealth of Pennsylvania has waived its sovereign immunity for certain types of cases brought in state court, *see* 42 Pa. Cons. Stat. Ann. §

8521-22, it has not waived its immunity under the Eleventh Amendment to suit in federal court.  Therefore, Mr. Heims claims against the Defendants under RLUIPA, to the extent it seeks damages, is barred by the Eleventh Amendment.

As noted earlier, Mr. Heim does not seek injunctive or declaratory relief in this matter.  However, to the extent Mr. Heim disagrees with this finding, any such claim for relief is now moot as he concedes he started to received a Kosher diet on March 31, 2011, and because he is no longer housed at SCI-Camp Hill or SCI-Retreat. *See Abdul-Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993); *Sutton v. Rasheed*, 323 F.3d 236 (3d Cir. 2003); *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)(holding inmate's RLUIPA claims seeking injunctive and declaratory relief were moot upon transfer from the facility where his Kosher dietary request was not accommodated). Thus, Mr. Heim's RLUIPA claims, to the extent pled, are dismissed for failure to state a claim for which relief can be granted.


**C.    The Religious Accommodation Review Committee is not a "person" within the meaning of 42 U.S.C. § 1983.**

Mr. Heim names the Religious Accommodation Review Committee (RAC) as a Defendant in the Amended Complaint.  *See* Doc. 12 at p. 8.  He claims the RAC "invented an unconstitutional policy" which, due to bureaucratic neglect and unnecessary paperwork errors, caused a 5 month delay in his receipt of a Kosher diet.  *Id*.  The RAC, however, is not a cognizable defendant for the purposes of Mr. Heim's § 1983 claims, as it is not a "person" for the purposes of 42 U.S.C. § 1983.

*See Will*, 491 U.S. at 71, 109 S.Ct. at 2312 (holding that states, state agencies, and state officials acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983).

 

     **D.    Mr. Heim's Equal Protection Claim.**

The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny any person within its jurisdiction equal protection of the law." U.S. Const. amend. XIV, § 1. "[A]ll people similarly situated are to be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985). To bring a successful claim for the denial of equal protection, the plaintiff must show the existence of purposeful discrimination. *See McClesky v Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987); *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 557 (3d Cir. 2011). This requires Mr. Heim to demonstrate that he received different treatment from that received by other individuals similarly situated.

This claim will not be dismissed. The Defendants argue that Mr. Heim fails to allege in any fashion that he was treated differently from other similarly situated inmates or that any such discrimination was purposeful or intentional. We disagree. In the Amended Complaint, Mr. Heim asserts it took the RAC more than five months to grant his request for a Kosher diet while other inmates seeking religious dietary accommodations are "always granted immediately though 'temporary accommodations' until ever 'finally' being 'eventually' approved" by the RAC. Doc. 12, Am. Compl. at pp. 11. Mr. Heim did not receive a temporary grant of a Kosher

diet pending the final decision of the RAC,  Consequently, Defendants' Motion to Dismiss Mr. Heim's Equal Protection claim for failure to state a claim will be denied.

### E.    Mr. Heim's First Amendment Claim.

In the First Amendment context, a prisoner retains those rights "that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974).  Prison regulations that limit constitutional rights are reviewed under *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987), to determine whether the regulation is "reasonably related to legitimate penological interests."  *Id.* at 89, 107 S.Ct. at 2261-62.  "[W]here a delay in providing an inmate with a religious diet is brief and caused by ordinary administrative delay, the inmate's religious rights are not violate."  *See Tapp v. Stanley,* No. 04-CV-6400, 2008 WL 4934592, at * 8 (W.D.N.Y. Nov. 17, 2008)(collecting cases regarding delay in the provision of religious diets to prisoners).

Based on the averments contained in the Amended Complaint, Mr. Heim alleges that his request for a Kosher diet was delayed from October 19, 2010, until March 31, 2011.  *See* Doc. 12, Am. Compl. at p. 7.  Defendants assert that the delay between the date Mr. Heim first requested a Kosher diet, and the date it was approved, does not assert a First Amendment claim since he ultimately received a Kosher diet.  Doc. 21, Defs.' Mot. to Dismiss Br. at pp. 9-10.  According to Defendants, any "administrative delay" in the processing of his request cannot rise

to the level of a First Amendment violation. *Id*.  Based on the above cited caselaw, we disagree.  The burden is on Defendants to show they would prevail on the *Turner* factors.  Here they would need to demonstrate that the five and half month of "administrative delay" in processing his request was due to a legitimate peneological interest.  Such an interest may be to ensure that only qualified inmates receive special meals thus demonstrating the prison regulation of requiring inmates to go through the administrative process promoted a legitimate government interest. However, such evidence is not presently before the Court.  Moreover, the Court also cannot determine as a matter of law that a five and half month delay in Mr. Heim's receipt of Kosher meals, without any explanation for the delay, does not raise serious First Amendment questions as it is far greater than other cases found by the Court addressing similar delays.  *See Dove v. Broome Cnty. Corr. Facility*, No. 9:10-cv-0002, 2011 WL 1118452, *9 (N.D.N.Y. Feb. 17, 2011)(30 day deprivation of kosher diet did not violate inmate's First Amendment rights); *Tapp,* No. 04-CV-6400, 2008 WL 4934592, at *8 (77 day delay in providing a Kosher diet served legitimate penological concerns); *McCormack v. Myers*, Civ. No. 6:06-2344-HFF-WMC, 2007 WL 1704905, at *4 (D.S.C. June 12, 2007)(no constitutional violation where delay in processing inmate's request for kosher meals resulted in denial of religious meals for two and a half months).  Accordingly, Defendants' Motion to Dismiss with respect to Mr. Heims's First Amendment claim will be denied.

### F.   Mr. Heim's Eighth Amendment Claim.

The Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials.  U.S. Const. amend. VIII; *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  However, not all deficiencies and inadequacies in prison conditions amount to a violation of an inmate's constitutional rights.  The Eighth Amendment imposes certain duties upon prison officials to "ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).

To sufficiently allege an Eighth Amendment conditions of confinement claim, a plaintiff must allege: (1) that the deprivation is sufficiently serious; and (2) that the defendant was deliberately indifferent to this deprivation.  *Young v. Quinlan*, 960 F.2d 351, 359-60 (3d Cir. 1992) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-303, 111 S.Ct. 2321, 2323-2326, 115 L.Ed.2d 271 (1991)).

Defendants contend that Mr. Heim fails to state an Eighth Amendment claim based on the alleged delay between the request for his Kosher diet and his receipt of the same.  While the Court agrees that Mr. Heim's Amendment Complaint is weak in facts, he does allege he suffered from malnourishment due to the delay in his receipt of a Kosher diet.  Doc. 12 at p. 14.  Additionally, in his opposition brief, Mr. Heim alleges that during the five and half months he awaiting a decision on his religious accommodation request, he was served a regular food tray which he could

not eat, it in whole or in part, due to his religious beliefs.  As a result, he suffered significant weight loss, depression, and migraines as a result of the extended period of time his religious diet accommodation request was pending.  Doc. 27 at p. 22. Accordingly, the Defendants' Motion to Dismiss Mr. Heim's Eighth Amendment claim will be denied.

###### G.   Personal Involvement.

Mr. Heim alleges that the Defendants were aware of, or allowed, a potentially constitutionally infirm policy to continue to harm him for an extended period of time. He claims that throughout this extended period of time, he alerted the various Defendants to the harm he was enduring as a result of the lack of a Kosher diet accommodation via his repeated request slips and grievance to them.  At the present moment, the Court does not have sufficient information based on the pleadings as to each Defendant's knowledge as to these alleged deprivations at the time they responded to his grievances or his request for accommodation. Accordingly, Defendants' Motion to Dismiss Mr. Heim's federal claims against them due to lack of personal involvement will be denied without prejudice to them raising at a later time when perhaps the record is more developed.

An appropriate Order follows.


 /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**

**Date: April 3   , 2012**

-12-

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH HEIM,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-0270** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **SHIRLEY MOORE, SECRETARY of** | : | |
| **PA DEPT. of CORRECTIONS, *et al.*,** | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

**AND NOW,** this  3rd  day of **APRIL, 2012**, it is ordered that:

1.  The Defendants' Motion to Dismiss (Doc. 20) is granted
    in part and denied in part.

2.  The Defendants' Motion to Dismiss Plaintiff's claims for
    monetary damages against the them in their official
    capacities is granted.

3.  Defendants' Motion to Dismiss Mr. Heim's First, Eighth
    and Fourteenth Amendment claims due to his failure to
    state a claim is denied.

4.  Mr. Heim's RLUIPA claim is dismissed.

5.  Defendants are granted twenty-one (21) days from the
    date of this Order to file an Answer to the Amended
    Complaint.

                                          /s/ A. Richard Caputo
                                          **A. RICHARD CAPUTO**
                                          **United States District Judge**