**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH HEIM, | : |
| | : |
|     Plaintiff | : |
| | :   CIVIL NO. 3:CV-11-0270 |
|    v. | : |
| | :   (Judge Caputo) |
| SHIRLEY MOORE, SECRETARY of | : |
| PA DEPT. of CORRECTIONS, *et al.*, | : |
| | : |
|     Defendants | : |

**M E M O R A N D U M**

**I.   Introduction**

    Plaintiff, Joseph Heim, a state prisoner, filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* (RLUIPA), after prison officials took five and a half months to accommodate his request for a diet conforming to his religious beliefs. Doc. 12, Am. Compl. These claims arose in the context of his incarceration at SCI-Camp Hill and SCI-Retreat. Mr. Heim is no longer housed at either of these facilities. On September 2, 2011, Mr. Heim notified the Court that he had been transferred to SCI-Chester, in Chester, Pennsylvania. *See* Doc. 22.

    This matter now comes before the Court for consideration of three motions for preliminary injunction or temporary restraining orders filed by Mr. Heim in the instant lawsuit. *See* Docs. 32, 36 and 37. For the reasons that follow, Mr. Heim's motions for injunctive relief will be denied as moot.

## II.   Standard of Review

A court issues a preliminary injunction in a lawsuit to preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Thus, a party moving for preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.  *Id*.  A preliminary injunction is an extraordinary remedy that should be granted only if the requesting party shows: (1) a reasonable probability of success on the merits; (2) irreparable harm resulting from the denial of relief; (3) granting the injunction will not result in irreparable harm to the non-moving party; and (4) granting the injunction is in the public interest.  *Minard Run Oil Co. V. U.S. Forest Service*, 670 F.3d 236, 249-250 (3d Cir. 2011)(citing *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  If the moving party is unable to establish each element in his favor, a preliminary injunction should not issue.  *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).  A preliminary injunction is an "extraordinary remedy" that should not be granted unless the plaintiffs make a clear showing for relief.  *Kos. Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

Generally, when an inmate is transferred from the institution where the conditions complained of arose, claims for injunctive relief are moot.  *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206-07 (3d Cir. 1993)(inmate's claim for injunctive and declaratory relief

become moot upon his release from prison where alleged violations took place).

### III. Discussion

While Mr. Heim seeks injunctive relief in this lawsuit, which is brought against officials at SCI-Camp Hill and SCI-Retreat.  His three motions for injunctive relief were filed on October 24, 2011 (Doc. 32); March 22, 2012 (Doc. 36); and March 23, 2012 (Doc. 37) after his September 2011 transfer from SCI-Retreat to SCI-Chester. All three motions relate to his disagreement in SCI-Chester's provision and management of his Kosher diet.  Because Mr. Heim is no longer housed at SCI-Camp Hill or SCI-Retreat, his requests for injunctive relief from the defendant are now inappropriate and moot.  To the extent he wishes to challenge any aspect of the Kosher diet he is receiving at SCI-Chester, he would have to bring a separate action.

An appropriate Order follows.

      /s/ A. Richard Caputo  
**A. RICHARD CAPUTO**  
**United States District Judge**

**Date: April 19 , 2012**