IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HEIM, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 3:CV-11-0270 |
| v. : | |
| : | (Judge Caputo) |
| SHIRLEY MOORE, SECRETARY of : | |
| PA DEPT. of CORRECTIONS, *et al.*, : | |
| : | |
| Defendants : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 8, 2011, Plaintiff, Joseph Heim, a former state prisoner, filed this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* (RLUIPA), after prison officials took five and a half months to accommodate his request for a diet conforming to his religious beliefs.[1] (Doc. 12, Am. Compl.) On April 3, 2012, the court granted in part, and denied in part, the Defendants' motion to dismiss. (Doc. 38, Order.) In that Order, the court dismissed Mr. Heim's claim for monetary damages against Defendants in their official capacities and his RLUIPA claims. (*Id.*) After Defendants filed an answer, the court issued a scheduling order calling for the filing of dispositve motions on or before November 13, 2012. (Doc. 44, Scheduling Order.) On

---

[1] Mr. Heim was housed at SCI-Retreat in Hunlock Creek, Pennsylvania when he filed this action. Since the filing of this action, Mr. Heim has been released from incarceration. *See* Doc. 63, Notice of Change of Address.

November 9, 2012, Defendants filed a properly supported motion for summary judgment. (Doc. 58, Mot. for Summ. J.) To date, Mr. Heim has not opposed Defendants' motion for summary judgment or sought leave for additional time to do so.

On May 2, 2013, the court issued an order directing Mr. Heim to advise the court whether he wished to continue with his present action. (Doc. 62, Order.) This Order was mailed to Mr. Heim on two occasions. The first time the Clerk of Courts erroneously mailed it to the wrong address. *See* Doc. 64. This error was rectified on July 12, 2013, when the court remailed the Order to Mr. Heim's last known address. On July 24, 2013, the court's Order was returned marked "Moved Left No Address - Unable to Forward - Return to Sender." *See* Doc. 65.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an adjudication on the merits, barring any further action between the parties." *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007). Ordinarily when deciding, *sua sponte*, to dismiss an action as a sanction, a District Court is required to consider and balance six factors enumerated in *Poulis v. State Farm Fire & Casualty Co.*, 747

F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the *Poulis* factors is unnecessary. *See Iseley*, 216 F. App'x at 255 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) and *Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir.1994)); *see also Williams v. Kort*, 223 F. App'x 95, 103 (3d Cir. 2007).

In this instance, on February 8, 2011, the court sent Mr. Heim a copy of our Standing Practice Order which advises *pro se* litigants of their obligation to notify the Court of any change of address. *See* Doc. 5. He was warned that if he failed to notify the Court of his change of address, he will be deemed to have abandoned his action. When Mr. Heim initiated this action, he was housed at SCI-Retreat in Hunlock Creek, Pennsylvania. He was transferred to several different DOC facilities prior to his release from custody, and repeatedly notified the court of his change of address while incarcerated. *See* Docs. 11, 22, 52, 53, 54, and 63. Clearly Mr. Heim was aware of his obligation to notify the court of his change of address.

Nonetheless, mail sent to Mr. Heim, at the last address provided by him, has been returned to the court as undeliverable. In an effort to locate Mr. Heim, the court has surveyed the dockets of his other cases presently pending before the court, the DOC's automated inmate locator program, and the Victim Information & Notification Everyday (VINELink) system,[2] all without success. At this point, as a result of Mr. Heim's failure to notify the Court of his present location, we are unable to communicate with him. As such, it would be a waste of judicial resources to allow

---

[2] VINELink is an automated program available to the general public to receive custody status updates on offenders.

this action to continue.

> **AND NOW**, this 30th day of **July, 2013**, it is ordered that:
>
> 1. Pursuant to Fed. R. Civ. P. 41(b), Mr. Heim's Amended Complaint is dismissed with prejudice for failure to prosecute and to comply with a court Order.
>
> 2. Defendants' Motion for Summary Judgment is dismissed as moot.
>
> 3. The Clerk of Court is directed to close this case.
>
> 4. Any appeal from this Order would not be taken in good faith.
>
>
> /s/ A. Richard Caputo
> **A. RICHARD CAPUTO**
> **United States District Judge**